UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERNEST P. SANCHEZ,
individually and on behalf
of all others similarly
situated,

                            NO. CIV. S-09-1454 FCD/DAD

       Plaintiff,

    v.                         <u>MEMORANDUM AND ORDER</u>

AVIVA LIFE AND ANNUITY
COMPANY, a foreign entity of
unknown origin; LOOMIS WEALTH
SOLUTIONS, INC., an Illinois
corporation; LAWRENCE LELAND
LOOMIS, an individual; <u>et al.</u>,

       Defendants.

----oo0oo----

    This matter is before the court on plaintiff Ernest P. Sanchez' ("plaintiff") motion to remand this class action, alleging defendants misrepresented and sold sham investments to plaintiff and others similarly situated.[1]  On May 27, 2009, defendant Aviva Life and Annuity Company ("Aviva") removed this

---

    [1]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

1   action on the basis of the Class Action Fairness Act of 2005

2   ("CAFA").   Under CAFA, a federal court has "original

3   jurisdiction" over civil maters in which: the aggregate amount in

4   controversy exceeds the sum or value of $5,000,000.00 (exclusive

5   of interest and costs); the aggregate number of putative class

6   members is 100 or greater; and any member of the putative class

7   is a citizen of a state different from that of any defendant.   28

8   U.S.C. § 1332(d).   Plaintiff concedes that these basic

9   requirements are met in this case, but argues that remand is

10  warranted because (1) Aviva's notice of removal is procedurally

11  defective for failure to join all defendants who had been served;

12  (2) the mandatory, "local controversy" exception to CAFA

13  jurisdiction applies; and/or (3) the discretionary, "interests of

14  justice" exception to CAFA jurisdiction applies.

15      For the reasons set forth below, the court DENIES

16  plaintiff's motion.   Aviva's notice of removal is not

17  procedurally defective since CAFA expressly permits any defendant

18  to remove an action without the consent or joinder of the other

19  defendants (28 U.S.C. § 1453(b)), and plaintiff has not met his

20  burden to show that either of the above exceptions to CAFA

21  jurisdiction applies in this case.

22                          **BACKGROUND**

23      The putative class, consisting of hundreds of members,

24  allege they were defrauded of tens of millions of dollars through

25  a real estate "Ponzi" scam masterminded by defendant Lawrence

26  Leland Loomis ("Loomis").   (Compl., filed May 27, 2009, ¶s 1,

27  25(a).)   Beginning in 2006, plaintiff, on his own behalf and on

28  behalf of the class, alleges defendants Loomis, Loomis Wealth

                              2

Solutions, Inc. ("LWS") and Aviva developed a multi-step
investment scheme called the "Income Advantage Plan." (<u>Id.</u> at ¶s
13, 15.)  During the first phase of the Plan, Loomis and LWS
offered free seminars to potential investors and allegedly sold
them "free" life insurance from Aviva at no cost because the
Income Advantage Plan would pay all of their premiums. (<u>Id.</u> at
¶s 14-15.)  Investors allegedly had to purchase an Aviva life
insurance policy to become eligible to participate in the second
phase of the Plan. (<u>Id.</u> at ¶s 13, 15, 19-20, 24.)  During the
second phase of the Plan, Loomis and LWS sold investors, who had
purchased Aviva life insurance policies, shares of defendant
NARAS Secured Fund #2, LLC ("Naras"), which was allegedly
administered, funded and managed by defendants Lismar Financial
Services ("Lismar") or Nationwide Lending Group ("Nationwide").
(<u>Id.</u> at ¶ 19.)  Plaintiff asserts "defendants represented that
the pooled money in the NARAS Fund was to be loaned out to
subprime borrowers at 14%.  This supposedly enabled [d]efendants
to return 12% to investors, clearing a modest 2% as profit for
the NARAS fund." (<u>Id.</u> at ¶ 20.)  In or around 2008, investors
allegedly learned their investments "were gone," and that they
would have to pay their own premiums to maintain their Aviva life
insurance policies. (<u>Id.</u> at ¶ 22.)

        Based on these essential allegations, plaintiff commenced
this putative class action on April 15, 2009 in Sacramento County
Superior Court, alleging causes of action for breach of fiduciary
duty, negligence, rescission for mistake and fraud, violation of
the California Business and Professions Code § 17200 <u>et seq.</u> and
violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ.

                                    3

1   Code § 1750 <u>et seq.</u>, against Loomis, LWS, Lismar, Nationwide,

2   Naras and Aviva.  Plaintiff sought on behalf of himself and the

3   class, compensatory and punitive damages, rescission, restitution

4   and injunctive relief, together with costs and attorneys' fees.

5   To date, service of the summons and complaint has been effected

6   only upon Aviva and Lismar.

7                              **STANDARD**

8        With the enactment of CAFA, Congress adopted a new policy

9   that broadened federal diversity jurisdiction over class actions,

10  with any doubts resolved in favor of retaining federal

11  jurisdiction.  <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1193

12  (11th Cir. 2007) (holding that "Congress enacted CAFA to address

13  inequitable state court treatment of class actions and to put an

14  end to certain abusive practices by plaintiffs' class counsel . .

15  . [by] broadening federal diversity jurisdiction over class

16  actions with interstate implications").  Indeed, the legislative

17  history of CAFA instructs that CAFA's jurisdictional provisions

18  "should be read broadly, with a strong preference that interstate

19  class actions should be heard in a Federal court if removed by

20  any defendant."  <u>In re Textainer Partnership Sec. Litig.</u>, 2005 WL

21  1791559, *3 (N.D. Cal. July 27, 2005) (internal quotations and

22  citations omitted).  Thus, courts recognize that if the propriety

23  of federal court jurisdiction is uncertain, courts should "err in

24  favor of exercising jurisdiction over the case."  <u>Id.</u>  Therefore,

25  under CAFA, any doubt about federal jurisdiction is resolved *in*

26  *favor* of removal.

27       A defendant has the burden of establishing removal

28  jurisdiction under CAFA (<u>Abrego Abrego v. Dow Chem. Co.</u>, 433 F.3d

                                    4

676, 685 (9th Cir. 2006); however, a plaintiff seeking remand
bears the burden of establishing that an exception to CAFA
jurisdiction applies.  <u>Serrano v. 180 Connect, Inc.</u>, 478 F.3d
1018, 1019 (9th Cir. 2007) (reversing district court and joining
all sister circuits to have addressed this issue in holding that
the party seeking remand bears the burden of establishing the
exceptions to CAFA jurisdiction).

**ANALYSIS**

**1.   <u>Adequacy of Notice of Removal</u>**

Plaintiff contends Aviva's removal is procedurally defective
because it lacks the consent/joinder of co-defendant, Lismar, who
had been served at the time of the notice of removal.  Plaintiff
is incorrect.  Under CAFA, the consent or joinder of other
defendants to removal of a putative class action is *not* required.
28 U.S.C. § 1453(b) ("A class action may be removed . . . by any
defendant without the consent of all defendants."); <u>Abrego</u>, 443
F.3d at 681 (noting that Section 1453(b) "overrides the judge-
created requirement that each defendant consent to removal").
Therefore, the lack of consent or joinder by Lismar in Aviva's
notice of removal is of no consequence and does not defeat
removal as a matter of law.  <u>United Steel v. Shell Oil Co.</u>, 549
F.3d 1204, 1207-08 (9th Cir. 2008) (reversing district court's
remand order because "CAFA entitles one defendant to remove the
entire action").

**2.   <u>"Local Controversy" Exception to CAFA Jurisdiction</u>**

Plaintiff argues that remand of this action is warranted
pursuant to CAFA's mandatory "local controversy" exception to
federal jurisdiction.  The "local controversy" exception, 28

5

U.S.C. § 1332(d)(4)(A), requires a federal court to decline jurisdiction if (1) greater than two-thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; (4) no other class action asserting similar factual allegations has been filed against any of the defendants during the previous three years. "Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case." Evans v. Walter Indus., Inc., 44 F.3d 1159, 1163 (11th Cir. 2006).  All four criteria must be satisfied for the exception to apply.  Thus, if any one of the four criteria is not met, remand should be denied.  28 U.S.C. § 1332(d)(4); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 676 (7th Cir. 2006).  Here, because the court finds that plaintiff cannot establish the first criteria for remand, it does not consider the remaining requirements.

Plaintiff concedes in his reply that based on the evidence proffered by Aviva in support of its opposition to the motion, plaintiff cannot demonstrate that greater than two-thirds of the members of the putative class are California citizens. (Stuetelberg Decl. in Supp. of Aviva's Opp'n, filed June 26, 2009, ¶ 3 [providing that from January 1, 2006 to April 15, 2009, only 58.71% of the Aviva life insurance policies purchased through or in association with Loomis were sold to California

6

1  citizens; the remaining 41.27% were sold to non-California

2  citizens, including 30.27% in Illinois, 6.42% in Washington and

3  4.58% in other states).

4      Instead, plaintiff argues that when properly read, his

5  complaint limits the putative class to California residents only.

6  (Pl.'s Reply, filed July 2, 2009, at 2-3.)  Plaintiff asserts

7  that to the extent his complaint is confusing on this issue, he

8  seeks as part of this motion to "clarify" his pleading.  (Id.)

9  However, plaintiff cannot "clarify" *away* the plain language of

10 his complaint, which asserts class claims on behalf of "all

11 individuals who participated in the Income Advantage Plan and

12 either purchased life insurance through AVIVA or one of its

13 predecessors or purchased shares of the NARAS fund, or both"

14 since 2006, regardless of their state of residence.  (Compl., ¶s

15 13, 24.)

16     Moreover, the propriety of removal is based on the complaint

17 as it existed at the time the notice of removal is filed.  Hill

18 v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980); Abrego, 443 F.3d

19 at 686.  Thus, plaintiff's last-ditch attempt to narrow the

20 putative class is irrelevant.  Plaintiff cannot oust this court

21 of jurisdiction by selectively excising those allegations of the

22 complaint that made removal proper in the first instance.  Hill,

23 615 F.2d at 889.  Here, when Aviva filed its notice of removal on

24 May 27, 2009, plaintiff's complaint defined the putative class to

25 include "all individuals" who had participated in Loomis' Income

26 Advantage Plan since 2006, without regard to their state of

27 residency.  Aviva has shown that such a putative class would

28 include at least 40% non-Californians.  Accordingly, because

fewer than two-thirds of those putative class members were California residents, the mandatory "local controversy" exception to CAFA jurisdiction is inapplicable.  Plaintiff cannot defeat this court's CAFA jurisdiction *after removal* by seeking to narrow the putative class to California residents, since such post-removal amendments are not relevant for removal jurisdiction purposes.[2]

Because plaintiff cannot establish at least one of the required elements of the "local controversy" exception to CAFA jurisdiction, his motion for remand on this basis must be denied.

### 3.   **"Interests of Justice" Exception to CAFA Jurisdiction**

As an alternative to mandatory remand under the "local controversy" exception, plaintiff argues for discretionary remand under the "interests of justice" exception to CAFA jurisdiction. While plaintiff discusses the various factors listed in the CAFA discretionary exception (see 28 U.S.C. § 1332(d)(3)),[3] he fails

---

[2]   The court notes that in light of Aviva's evidence establishing the citizenship of the alleged putative class, it is also clear that plaintiff could not establish another required element of the local controversy exception. Here, the principal injuries occurred throughout the United States.  As Aviva's evidence shows, 41.27% of the putative class members reside outside California.  Plaintiff admits the location of the injured investors is relevant to this inquiry, and those putative class members who purchased Aviva life insurance policies through Loomis span at least five states, including Illinois, Washington, Wisconsin, Missouri, Maryland and California.  Thus, the purchases of Aviva policies sold through Loomis to putative class members, and accordingly the "principal injuries," were not limited to California but occurred broadly throughout several states.  Thus, the CAFA local controversy exception is inapplicable for this additional reason.

[3]   These factors include: (1) whether the claims asserted involve matters of national or interstate interest; (2) whether the claims asserted will be governed by laws of the state in which the action was originally filed or by the laws of other States; (3) whether the class action has been pleaded in a manner

to establish the threshold requirements, including: (1) that between one-third and two-thirds of the class members are California citizens, and (2) that *all* of the "primary defendants" are California citizens.  Indeed, "consideration of the various factors is not implicated unless and until it is shown that the [discretionary] exception's initial requirements" are satisfied. <u>Kendrick v. Stnd Fire Ins. Co.</u>, 2007 WL 1035018, *4 (E.D. Ky. Mar. 31, 2007); <u>see also</u> <u>Preston v. Tenet Healthsystem Mem. Med. Ctr.</u>, 485 F.3d 804, 812 (5th Cir. 2007) (recognizing that the party moving for remand must first satisfy the citizenship requirements as a prerequisite to the district court weighing the statutory remand factors).

As set forth above, *plaintiff* provides no evidence regarding the citizenship of the putative class members, and thus, he fails to satisfy the first threshold requirement of the discretionary exception.[4]  As to the second requirement, plaintiff also cannot demonstrate that all "primary defendants" are citizens of California.  "Primary defendant" is not statutorily defined, but it has been interpreted to mean a defendant who is alleged to be

that seeks to avoid Federal jurisdiction; (4) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (5) whether the number of potential class members that are citizens of the State in which the action was originally filed is substantially larger than the number of citizens from any other State, and whether the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (6) whether, during the 3-year period preceding the filing of the class action, one or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

[4]    Instead, Aviva proffered evidence as to the citizenship of the putative class, but ultimately, it is plaintiff's burden to make this showing.

9

directly liable to the plaintiff, rather than a mere indemnitor, contributor or third-party defendant. <u>Kearns v. Ford Motor co.</u>, 2005 WL 1035018, *5 (C.D. Cal. Nov. 21, 2005); <u>Hangarter v. Paul Revere Life Ins. Co.</u>, 2006 WL 213834, *3 (N.D. Cal. Jan. 26, 2006).

Here, all six named defendants are alleged to be *directly* liable to plaintiff and the putative class, and thus, all six are "primary defendants."  Plaintiff does not dispute that defendants Aviva, Naras, Lismar and Nationwide are non-California citizens. Plaintiff alleges all five causes of action against these defendants, asserting that each directly engaged in tortious or improper conduct against plaintiff.  For example, as to the Iowa-based Aviva, plaintiff alleges, *inter alia*:

> [B]eginning in or about 2006, at least AVIVA, LWS and Loomis together concocted an investment scheme designed to generate millions of dollars in fees for themselves by promising free life insurance with lucrative investment potential and fabulous returns on the sale of securities.
>
> . . .
>
> AVIVA's participation in this scheme was absolutely critical to the eventual success of the entire conspiracy because AVIVA's funding of the 'free' insurance products through the table kickbacks was the lynchpin in hooking investors.

(Compl., ¶s 13, 18.)  Similar allegations of direct liability are made against Naras, Lismar, and Nationwide.  (Compl., ¶s 19-22 [Naras], 19 [Lismar], 19 [Nationwide].)  Thus, all four of these non-California citizens are "primary defendants," and as such, plaintiff cannot meet the second threshold requirement of the discretionary exception.  <u>See e.g.</u> <u>Adams v. Federal Materials Co., Inc.</u>, 2005 WL 1862378, *19 (W.D. Ky. July 28, 2005) (finding

that because one count of the complaint was asserted directly against a non-resident defendant that was initially sued for indemnification, there was "simply no basis for treating [that defendant] as a secondary defendant in the case"); <u>Robinson v. Cheetah Transportation</u>, 2006 WL 3322580, *3 (W.D. La. Nov. 14, 2006) (finding that where the plaintiffs had made "essentially identical" claims against multiple defendants–both resident and non-resident–relating to the same "significant facet of the plaintiffs' claims," the home state exception was inapplicable). Since plaintiff cannot establish this second required element of the discretionary exception, consideration of the statutory, discretionary factors is not necessary.[5]

Remand of this action is not permitted pursuant to the discretionary, "interests of justice" exception to CAFA.

**4.   <u>Plaintiff's Request for Discovery</u>**

Finally, plaintiff argues that if the court is inclined to not remand the case, he should be permitted to conduct limited discovery in order to carry his burden of proof that a CAFA jurisdictional exception applies.  Plaintiff asserts such discovery would permit him "to determine the location of

---

[5]   Plaintiff's further argument that a "conspirator" is not "directly liable" for the conspiracy's torts betrays a fundamental misunderstanding of what a conspiracy is.  Plaintiff attempts to equate participation in a conspiracy with "respondeat superior" liability; however, a conspiracy renders each participant in the wrongful act directly responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not the participant was a direct actor and regardless of the degree of his activity.  <u>See</u> <u>Doctors' Co. v. Sup. Ct.</u>, 49 Cal.3d 39 (1989).  Thus, that plaintiff has charged Aviva, in part, as a conspirator does not render Aviva an indirect defendant.

1   potentially all class members, because each of those class

2   members would have purchased life insurance from Aviva or one of

3   its successors." (Pl.'s Mot., filed June 12, 2009, at 11:16-19.)

4   Plaintiff contends that determining the state of residence of

5   those putative class members would promptly resolve the issue of

6   residency that is critical to the "local controversy" and

7   discretionary exceptions to CAFA jurisdiction. (Id. at 11:19-

8   21.)

9        Jurisdictional discovery, however, is only permissible "when

10  the Court is unable to determine, on the existing record, whether

11  it has jurisdiction." Rippee v. Boston Mkt. Corp., 408 F. Supp.

12  2d 982, 985 (S.D. Cal. 2005). Here, based on the evidence

13  proffered by Aviva, demonstrating, among other things, that fewer

14  than two-thirds of the putative class members are California

15  citizens, there is sufficient information for this court to

16  properly determine that it has CAFA jurisdiction over this case.

17  (Stuetelberg Decl., ¶ 3.) Therefore, plaintiff's request for

18  jurisdictional discovery is denied.

19                          **CONCLUSION**

20       For the foregoing reasons, plaintiff's motion for remand is

21  DENIED in its entirety.

22       IT IS SO ORDERED.

23  DATED: July 16, 2009

24

25                              _____

26                              FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE

27

28

                                  12