**ATTORNEYS AGAINST ABUSE OF ELDERS**
Mark A. Redmond SBN161520(Ca.)
1819 K Street, Suite 200
Sacramento, California 95811
Telephone: (916) 444-8240; Facsimile: (916) 438-1820
Email: markalanredmond@yahoo.com

**MAJORS & FOX LLP**
Frank J. Fox SBN139147(Ca.)
Lawrence J. Salisbury SBN179748(Ca.)
Andrew M. Greene SBN167386(Ca.)
Jonathan L. Gerber SBN251219(Ca.)
401 West "A" Street, Suite 2350
San Diego, California 92101-7921
Telephone: (619) 234-1000; Facsimile: (619) 234-1011
Emails: lsalisbu@majorfox.com; fjfox@majorfox.com; jgerber@majorfox.com

Attorneys for   Plaintiff Ernest P. Sanchez, individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ERNEST P. SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVIVA LIFE AND ANNUITY COMPANY, a foreign entity of unknown origin; LOOMIS WEALTH SOLUTIONS, INC., an Illinois corporation; LAWRENCE LELAND LOOMIS, an individual; NARAS SECURED FUND #2, LLC, a Delaware limited liability company; LISMAR FINANCIAL SERVICES LLC, a Delaware limited liability company; NATIONWIDE LENDING GROUP, an entity of unknown origin; and DOES 1 through 1000, inclusive,<br><br>Defendants. | Case No.  2:09-CV-01454-FCD-DAD<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES, RESCISSION, RESTITUTION AND INJUNCTIVE RELIEF |

Plaintiff Ernest P. Sanchez ("Plaintiff" or "SANCHEZ"), individually and on behalf of all others similarly situated, demanding trial by jury of those issues triable by jury, complains and alleges as follows:

///

## INTRODUCTION

1. This is a class action arising from a vast and pernicious conspiracy involving one of the world's largest insurance companies and a series of entities and individuals who together concocted an elegantly sophisticated scheme to defraud class members of tens of millions of dollars. Through the sale of overpriced, worthless or sham investments, Defendants propped up an ever-growing portfolio of hollow assets that eventually caved in on itself. When the house of cards collapsed, the Defendants quickly scattered, disavowing all responsibility and leaving class members with none of their investments and no viable recourse. To make matters worse, those few defendants that did not disappear quickly bought off desperate investors with cheap settlements worth pennies on the dollar, all the while righteously proclaiming their innocence.

2. SANCHEZ brings this class action on behalf of himself and all affected class members, seeking to lay bare the conspiracy and recover their assets from all of the conspiring Defendants.

## PARTIES, VENUE AND JURISDICTION

3. Plaintiff is a natural person over the age of 18 years. At the time when all the wrongful acts as alleged herein were committed, Plaintiff was a resident of Sacramento County.

4. Defendant Aviva Life and Annuity Company ("AVIVA") is a foreign entity of unknown origin, authorized to do business in California, that bills itself as the "fifth-largest insurance group" in the world and, on information and belief, is the successor in interest to Amerus Life Insurance Company and Indianapolis Life Insurance Company. AVIVA's many tentacles are engaged in business around the world and throughout the United States, including California. AVIVA has done and continues to do significant business in Sacramento County. At all times, AVIVA was an active participant and conspirator in the facts alleged in this complaint.

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 2 -

First Amended Complaint                              2:09-CV-01454-FCD-DAD

5. Defendant Loomis Wealth Solutions, Inc. ("LWS") is an Illinois corporation, authorized to do business in the State of California and doing business throughout the state, including in Sacramento County. LWS is owned and operated by defendant Lawrence Leland Loomis. LWS has its primary place of business in Roseville, California. At all times, LWS was an active participant and conspirator in the facts alleged in this complaint.

6. Defendant Lawrence Leland "Lee" Loomis ("LOOMIS") is an individual residing in California and is the owner and operator of LWS. At all times, LOOMIS was an active participant and conspirator in the facts alleged in this complaint. At all times relevant hereto, Loomis was an authorized agent of AVIVA and was acting within his actual and/or ostensible authority to bind AVIVA to contracts, including but not limited to those AVIVA insurance contracts referenced herein.

7. Defendant NARAS Secured Fund #2, LLC, ("NARAS") is a Delaware limited liability company, authorized to do business in the State of California and doing business throughout the state, including in Sacramento County. At all times, NARAS was an active participant and conspirator in the facts alleged in this complaint.

8. Defendant Lismar Financial Services LLC ("LISMAR") is a Delaware limited liability company, authorized to do business in the State of California and doing business throughout the state, including in Sacramento County. At all times, LISMAR was an active participant and conspirator in the facts alleged in this complaint.

9. Defendant Nationwide Lending Group ("NATIONWIDE") is an entity of unknown origin, authorized to do business in the State of California. At all times, NATIONWIDE was an active participant and conspirator in the facts alleged in this complaint.

10. Defendants DOES 1 through 1000, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

1  their true names and capacities are ascertained, Plaintiff will amend his Complaint
2  by inserting their true names and capacities.  Plaintiff is informed and believes and
3  thereon alleges that each of the fictitiously named Defendants are responsible in
4  some manner for the occurrences herein alleged, and that the Plaintiff's damages
5  and those of the class were proximately caused by those Defendants.  (All the
6  defendants are hereafter sometimes collectively referred to herein as "Defendants.")

7      11.    Plaintiff is informed and believes and thereon alleges that, at all times
8  material hereto and mentioned herein, each Defendant sued herein was the co-
9  conspirator, agent, servant, employer, joint venturer, partner, division owner,
10 subsidiary, division, alias and/or alter ego of each of the remaining Defendants and
11 was at all times, acting within the purpose and scope of such conspiracy,
12 employment, agency, servitude, ownership, subsidiary, alias and/or alter ego and
13 with the authority, consent, approval, control, influence and ratification of each of the
14 remaining Defendants sued herein.

15     12.    Venue is proper in this jurisdiction in that Plaintiff is a resident of
16 Sacramento County, many of the class members are residents of Sacramento
17 County and many of the acts giving rise to this lawsuit, which are described more
18 fully below, occurred in Sacramento County.  Further, the relief sought through the
19 complaint is within the jurisdiction of the court, as damages are believed to be well in
20 excess of $25,000.

21

22     **FACTS RELEVANT TO ALL CAUSES OF ACTION**

23     13.    Loomis and AIVA had a longstanding relationship between them.  For
24 many years, LOOMIS and his wife, acted as authorized insurance agents for AVIVA,
25 selling various insurance products throughout the country, at significant financial
26 gain for both LOOMIS and AVIVA.

27     14.    The investment scheme was designed to generate millions of dollars in
28 fees for LOOMIS and AVIVA by promising free life insurance with lucrative

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA  92101
Telephone:  (619) 234-1000
Facsimile: (619) 234-1011

- 4 -

First Amended Complaint    2:09-CV-01454-FCD-DAD

1  investment potential and fabulous returns on the sale of securities.

2       15.    Throughout this time period, LOOMIS was the primary, and in many cases the sole, intermediary between an applicant and AVIVA.  He actively marketed various insurance products to potential applicants, processed applications and received and made premium payments, all on AVIVA's behalf as its authorized agent.  LOOMIS did not provide AVIVA with such services for free, however, instead receiving significant monetary compensation from AVIVA and acting with AVIVA's express or implied authority.

     16.    On information and belief, at some point currently unknown to plaintiff but believed to be prior to 2006, Loomis became monetarily indebted to Aviva.  Initially, LOOMIS was unable to repay the debt.  In part in order to do so, and to generate significant additional income for both LOOMIS and AVIVA, LOOMIS concocted a sham investment scheme that would allow him to both repay the debt he owed to AVIVA and, at the same time, earn significant additional income for both AVIVA and LOOMIS.

     17.    On information and belief, because AVIVA's involvement in the scheme, through payment of undisclosed kickbacks, was critical to its success, in a series of communications with AVIVA, LOOMIS explained his plan to AVIVA.  Once the investment scheme was launched and kickbacks began to flow to LOOMIS from AVIVA, Loomis began to make regular payments to AVIVA through one of his related entities.  Thus the scam began.

     18.    The plan was pitched to potential investors through free seminars presented by LWS and LOOMIS at the behest of, and with the involvement and knowledge of, AVIVA.  At these seminars, LOOMIS acting for his own individual advantage and as an authorized agent of AVIVA, targeted well-off potential investors who had significant liquid assets, significant equity in their residence and good credit scores.  The insurance was pitched to those investors regardless of whether that product was useful or even appropriate for that particular investor.

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

19. LOOMIS and AVIVA, through its agent, also held themselves out as fiduciaries to Plaintiff and class members. Through financial planning seminars and other marketing devices, Defendants gained the trust of the Plaintiff Class by presenting themselves as expert financial advisors who provided objective financial and investment advice. Using their position of trust, Defendants were able to obtain personal and confidential financial information, enabling them to identify investors with enough assets to fund the furtherance of the conspiracy alleged herein. Due to the complexity of the investment plan, the Plaintiff Class was forced to rely on the expertise of the sales agents who are far more knowledgeable about such products. To carry out its scheme, a number of unsavory tactics were employed including promoting financial investment seminars to lure investors, garnering the trust of the investors to obtain personal information to in turn exploit them into buying further into the scheme, and using predatory marketing techniques. By virtue of the foregoing, AVIVA's involvement in the subject transactions exceeded its role as a mere insurance company.

20. On information and belief, at each seminar, the well-off investors were made the same promises, relied upon the same oral and written representations made by LOOMIS, AVIVA and their co-conspirators. In addition, at the seminars, LOOMIS, who was an authorized agent of AVIVA and actively engaged in the sale of AVIVA products, lured wary investors by promising them that their participation in the Loomis multi-step "Income Advantage Plan" would, initially, allow them to purchase investment quality life insurance through AVIVA at no cost because the "Income Advantage Plan" would pay all of their premiums. Because those premiums could be more than $1,000 per month, that "free" benefit was enough to convince even the most hesitant investors that the "Income Advantage Plan" was legitimate and potentially beneficial.

21. Demonstrating the maxim that nothing is truly "free," Defendants were able to finance the initial investment in "free" life insurance because the seller of that

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 6 -

First Amended Complaint     2:09-CV-01454-FCD-DAD

1  insurance, AVIVA, was secretly funneling $25,000 kickbacks to its co-conspirators
2  for each policy sold.  On information and belief, those kickbacks were then used to
3  pay "investors" the cost of their premiums on a monthly basis.

4       22.    In the short term, AVIVA would not generate significant profit on the
5  sale of these "free" life insurance policies, but AVIVA had its eye on the long term.
6  By funding the initial "investment" in the "Income Advantage Plan," and then kicking
7  back enough money to cover the cost of those initial "investments," AVIVA was able
8  to procure a long-term customer who had, at the very least, purchased a very
9  expensive insurance policy that was very profitable to AVIVA over the long term.  Of
10  course, AVIVA would also then have a customer with significant assets to whom it
11  could pitch various other of its expensive and profitable products.

12       23.    AVIVA's participation in this scheme at the outset was absolutely
13  critical to the eventual success of the entire conspiracy because AVIVA's funding of
14  the "free" insurance products through under the table kickbacks was the lynchpin in
15  hooking the investors.  AVIVA's continued participation in the funding scheme not
16  only allowed the scheme to continue and to prosper, it allowed AVIVA to continue to
17  collect insurance premiums over a long enough period to allow it to recoup its
18  kickback and thereafter generate hefty profits.

19       24.    Once firmly invested in the scheme, participants were then moved from
20  the first step of the plan, buying "free" life insurance, to the second step of the plan,
21  purchasing securities in the form of shares of the NARAS fund, which was
22  administered, funded and managed by LISMAR and/or NATIONWIDE.  At $25,000
23  per share, Defendants promised lucrative returns on investments in the NARAS
24  fund, supposedly by using the monies generated by the sale of the fund shares to
25  finance residential real property purchases by third parties and/or to take a position
26  in sub-prime mortgages.

27       25.    Confident with the quality and reputable nature of the "Income
28  Advantage Plan" in light of the "free" life insurance from a renowned and reputable

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 7 -

First Amended Complaint     2:09-CV-01454-FCD-DAD

insurance company, investors readily moved to the second step of the plan and purchased one or more shares of the NARAS fund, with the expectation of lucrative returns in the range of 12% annually. Defendants represented that the pooled money in the NARAS Fund was to be loaned out to subprime borrowers at 14%. This supposedly enabled Defendants to return 12% to investors, clearing a modest 2% as profit for the NARAS Fund.

26. Of course, those expectations were eventually dashed when investors discovered that the true facts were not at all as had been represented. On information and belief, the NARAS fund did not use its proceeds to fund third party purchases and/or to take a position in sub-prime mortgages. In fact, it is not clear that NARAS did anything whatsoever with those investments other than to give them to the various other Defendants and/or to continue to pay life insurance premiums or reimburse AVIVA.

27. NARAS Fund investors were mailed periodic statements showing their ever-increasing "balance" in the fund. The balance was stated as a dollar amount, always increasing by the promised 12%. In fact, the NARAS Fund had taken in millions of dollars but did not maintain any balances for investors. Eventually, in or around 2008, Defendants were apparently no longer able to attract sufficient amounts of new investors to prop up the sham and the scheme collapsed. Investors then learned for the first time that their investments were gone and that they would have to pay their own insurance premiums or they would lose the value of the life insurance investment promised them by AVIVA.

28. Thus, for example, Plaintiff Sanchez here attended a seminar in or about 2007. On information and belief, he was provided with the same presentation and materials that were provided by defendants to all seminar participants. Eventually Sanchez agreed to purchase the "free" life insurance offered by defendants. Thereafter, Sanchez was convinced to invest approximately $50,000 in the NARAS fund, expecting to receive the handsome returns he had been promised.

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 8 -

First Amended Complaint                                   2:09-CV-01454-FCD-DAD

Like the other class members, Sanchez soon learned, for the first time, that the entire scheme had been a thoughtfully crafted scam and that his entire investment was lost, along with the promised profits.  This complaint followed.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on his own behalf and on behalf of all persons similarly situated.  The class which Plaintiff represents is composed of and defined as: all individual California residents who participated in the Income Advantage Plan and either purchased life insurance through AVIVA or one of its predecessors or purchased shares of the NARAS fund, or both.  Excluded from the class are any California investors that have or will pursue individual actions against any or all defendants.  Class members are hereinafter referred to as the "Plaintiff Class."  Plaintiff reserves the right to expand the class as may be appropriate based upon the evidence uncovered during the course of discovery.

30.     Plaintiff's first, second, third and fourth causes of action are brought and may properly be maintained as a class action pursuant to the provisions of Civil Code § 382.  Plaintiff's fifth cause of action is brought and may be properly maintained as a class action pursuant to the provisions of Civil Code § 1781.  This action has been brought and may properly be maintained as a class action and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements therefor because:

a.     The Plaintiff Class is so numerous that the individual joinder of all members is impracticable.  While the exact number of class members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery, and Plaintiff is informed and believes that the class includes many hundreds of members.

b.     Common questions of law and fact exist as to all members of the class and predominate over any questions which affect only individual

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 9 -

First Amended Complaint                                   2:09-CV-01454-FCD-DAD

members of the class. These common questions of law and fact include, without limitation:

    i.    Whether Defendants violated state statutory and common law as alleged herein;

    ii.    whether Defendants have systematically violated the rights of class members by misrepresenting the nature of investments that ultimately turned out to be overpriced, worthless or sham investments;

    iii.    Whether Defendants participated in and pursued the alleged conspiracy and common course of conduct complained of herein;

    iv.    Whether Defendants are liable for damages and losses resulting from the conduct alleged herein;

    v.    Whether the Defendants breached duties of care owed to the Plaintiff Class;

    vi.    Whether Defendants fraudulently misrepresented, concealed and failed to disclose the material adverse facts alleged herein;

    vii.    Whether the acts or omissions of Defendants were done fraudulently, oppressively or maliciously;

    viii.    The amount of additional revenues or profits obtained by Defendants attributable to Defendants' misconduct; and

    ix.    The appropriate nature of classwide equitable relief.

c.    Plaintiff's claims are typical of the claims of the members of the class. Plaintiff and all members of the class sustained damages arising out of Defendants' common course of conduct in violation of the law as complained of herein. The losses of each member of the class were caused directly by

///

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

the Defendants' wrongful conduct in violation of state common and statutory law as alleged herein.

     d.     Plaintiff will fairly and adequately protect the interests of the members of the class and are committed to the vigorous prosecution of this action. Plaintiff paid Defendants during the class period, and are adequate representatives of the class and any subclasses designed by the Court as they have no interests which are adverse to the interests of the class members. Plaintiff has retained counsel who have substantial experience and success in the prosecution of consumer litigation and experience in class action litigation. Accordingly, Plaintiff will fairly and adequately protect the interests of the Plaintiff Class.

     e.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member. Because the claims can be proven almost entirely through Defendants' own documents and witnesses, this case entails no circumstances which will make it difficult to manage as a class action. Individual damages may be calculated from the information maintained in

- 11 -

First Amended Complaint     2:09-CV-01454-FCD-DAD

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

1  Defendants' records or publicly available, so that the cost of administering any
2  recovery can be minimized.
3      31.    In the alternative, this action is certifiable as a class because:
4          a.    The prosecution of separate actions by the individual class
5  members would create the risk of inconsistent or varying adjudication with
6  respect to individual class members which could establish incompatible
7  standards of conduct for Defendants;
8          b.    The prosecution of separate actions by individual class members
9  would create a risk of adjudications with respect to them which would, as a
10  practical matter, be dispositive of the interests of the other class members not
11  parties to the adjudication, or substantially impair or impede their ability to
12  protect their interests; and
13          c.    Defendants have acted or refused to act on grounds generally
14  applicable to the class, thereby making final injunctive relief and
15  corresponding declaratory relief with respect to the class action as a whole
16  appropriate.

## FIRST CAUSE OF ACTION

(Breach of Fiduciary Duty Against Defendants)

20      32.    Paragraphs 1 through 26 are incorporated herein by reference.
21      33.    The Defendants, by virtue of the investment scheme they conspired to
22  create and market to investors and acting in their positions as trusted investment
23  advisors to such investors created a special relationship between themselves and
24  Plaintiff and class members and owed Plaintiff and class members a fiduciary duty
25  by virtue of the special trust placed in them by Plaintiff and class members.
26      34.    Defendants breached these standards of care by conspiring together to
27  advise Plaintiff and class members to purchase investment products and/or pursue
28  investment vehicles that were not reliable, not trustworthy, not well-suited to those

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 12 -

First Amended Complaint    2:09-CV-01454-FCD-DAD

1  particular investors and, ultimately, not at all of the nature that had been
2  represented.
3    35.   As a direct and proximate result of Defendants' breach of these duties,
4  Plaintiff and class members sustained damages.

## SECOND CAUSE OF ACTION

(Negligence Against Defendants)

36.   Paragraphs 1 through 35 are incorporated herein by reference.

37.   In providing Plaintiff and class members with advice, Defendants owed Plaintiff and class members a duty to provide them with accurate information and advice. Defendants acted negligently and unreasonably and breached this duty by advising Plaintiff and class members to purchase their fraudulent and unnecessary products services.

38.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and class members suffered damages.

## THIRD CAUSE OF ACTION

(Rescission for Mistake and Fraud (Civ. Code §1689) Against Defendants)

39.   Paragraphs 1 through 38 are incorporated herein by reference.

40.   Consent to all of the alleged agreements to purchase the products and services of defendants between Plaintiff and class members and Defendants was not real or free in that it was obtained solely through the mistakes and fraud as herein alleged.

41.   The agreement was entered into under material mistakes of fact in that it was believed by Plaintiff and class members that the services offered by Defendants were appropriate for their needs and were worth in excess of the monies paid and were actually of the nature and character that had been represented. However, at the time of this agreement, it was unknown to Plaintiff and class

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 13 -

First Amended Complaint                                           2:09-CV-01454-FCD-DAD

1  members that all of the above was false and that services offered were not
2  appropriate for their needs and were not worth the monies paid, but were only of
3  nominal or no value.

4      42.    Defendants were, or should have been, aware that the services offered
5  were not appropriate for the needs of Plaintiff and class members and were not
6  worth the monies paid and were not actually of the nature and character that had
7  been represented.  Defendants used Plaintiff's and class members' mistake to
8  unfairly take advantage of Plaintiff and class members by obtaining money while
9  Plaintiff and class members received nominal or no value therefore.

10      43.    Plaintiff and class members were induced to enter the agreement to
11  obtain these products and services because of the misrepresentations of
12  Defendants. As a direct result of these material misrepresentations and mistakes of
13  fact, Plaintiff and class members were damaged in that amount paid to Defendants.

14      44.    Plaintiff and class members would not have given apparent consent to
15  these agreements except for this mistaken belief.

16      45.    Plaintiff and class members seek rescission of each agreement,
17  including but not limited to, any and all insurance policies, as a result of these
18  material mistakes of fact and for fraud.  Plaintiff and class members have no other
19  adequate remedy at law and will suffer irreparable harm if this agreement is not
20  rescinded and if the fees paid are not returned.

## FOURTH CAUSE OF ACTION

(Violation of Bus. & Prof. Code §17200 *et seq.* Against Defendants)

23      46.    Paragraphs 1 through 45 are incorporated herein by reference.
24      47.    Defendants' conduct as alleged in this Complaint constitutes unfair,
25  unlawful or fraudulent acts or practices within the meaning of Business &
26  Professions Code §17200 *et seq.*
27      48.    Specifically, Defendants engaged in unfair, unlawful or fraudulent acts
28  or practices by virtue of their actions as detailed in this complaint.

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 14 -

First Amended Complaint    2:09-CV-01454-FCD-DAD

49.     Besides being unlawful, Defendants' conduct alleged herein is "unfair" within the meaning of §17200 inasmuch as such conduct offends public policy in this State, has no utility or rational justification and is substantially injurious to consumers.

50.     Besides being unlawful and unfair, Defendants' conduct alleged herein is "fraudulent" and/or "misleading" within the meaning of §17200 and §17500 inasmuch as such conduct is likely to deceive members of the general public.

51.     Defendants' seminar presentations and other standardized representations made by Defendants, contained information known by Defendants to be untrue and misleading, and all such material is disseminated for the purpose of inducing the public to purchase Defendants' unnecessary services.

52.     The foregoing acts, omissions, misrepresentations, practices, and non-disclosure of Defendants, therefore, constitute unfair, unlawful and fraudulent business practices within the meaning of California Business and Professions Code sections 17200 *et seq.*  Defendants have engaged in more than one unlawful, unfair and/or fraudulent transaction in that they have regularly and repeatedly charged Plaintiff and class members for their unnecessary services of the years.

53.     As a direct result of Defendants' unfair, unlawful or fraudulent acts or practices, Plaintiff and class members were deprived of their money and property. As a further direct result of Defendants' unfair, unlawful or fraudulent acts or practices, Plaintiff and class members are entitled to restitution.

54.     Defendants' unlawful business practices are ongoing and, unless being enjoined under §17203 and/or §17353, are likely to continue to deceive other members of the general public.

55.     Besides being enjoined from continuing to use or employ those unlawful and/or unfair and/or fraudulent business practices, Defendants must now be compelled to make restitution to Plaintiff and class members for all monies paid for Defendants' unnecessary services.

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA  92101
Telephone:  (619) 234-1000
Facsimile: (619) 234-1011

- 15 -

First Amended Complaint                                          2:09-CV-01454-FCD-DAD

56. Plaintiff and class members seek injunctive relief against further acts and practices by Defendants constituting unfair competition in violation of Business & Professions Code §17200. The legal remedy of damages is inadequate because recovering damages will not prevent the ongoing harm caused by Defendants' continued unfair business practices.

57. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks to recover their attorneys' fees under (I) §1021.5 of the Code of Civil Procedure, and/or (ii) the "common fund" doctrine available to a prevailing Plaintiff who confers a benefit on the general public.

## FIFTH CAUSE OF ACTION

(Violation of Civil Code §1750 Against Defendants)

58. Paragraphs 1 through 57 are incorporated herein by reference.

59. Plaintiff file herewith the venue affidavit required under Civil Code §1780(c) for actions brought under the California Legal Remedies Act ("CLRA").

60. Plaintiff and class members are consumers who invested in Defendants' investment scheme which necessarily included the purchase of one or more of Defendants' services, which transactions are governed by the CLRA.

61. The acts and practices of Defendants set forth above constitute and have constituted violations of the same Act and, more particularly, at least Civil Code §§1770(a)(5), (a)(7), (a)(14) and (a)(19) and have directly, foreseeably and proximately caused Plaintiff to suffer losses in amounts yet to be determined and as to which Plaintiff has an enforcement remedy pursuant to §1752 and §1780 of the same Act.

62. Plaintiff seeks injunctive relief against Defendants, enjoining them from continuing to engage in the deceptive and unlawful practices set forth above.

63. Pursuant to Civil Code §1782(d), Plaintiff will serve a certified demand letter on Defendants, and will amend this Complaint, not less than 30 days after

///

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 16 -

First Amended Complaint          2:09-CV-01454-FCD-DAD

1  service of that demand, to assert claims for damages, including actual, restitutionary
2  and punitive damages, under Civil Code §1780(a).

3      64.    Defendants' violations of the CLRA have forced Plaintiff to incur
4  attorneys' fees and costs, all of which Plaintiff have a right to recover under Civil
5  Code §1780(d).

6      65.    Defendants' wrongful conduct constituted oppression, fraud, and
7  malice and Plaintiff and class members are entitled to recover damages for the sake
8  of example and by way of punishing Defendants pursuant to Civil Code §3294.

9  **SIXTH CAUSE OF ACTION**
10  (Aiding and Abetting against AVIVA)

11      66.    Paragraphs 1 through 65 are incorporated herein by reference.

12      67.    AVIVA aided and abetted the remaining defendants in their commission
13  of intentional torts against Plaintiff and the Plaintiff Class.  AVIVA did so by providing
14  substantial assistance to the remaining Defendants, as detailed above, while having
15  actual knowledge that the remaining Defendants were engaged in a deceptive
16  investment scheme designed to lure investors with false promises and fraudulent
17  misrepresentations.

18      68.    AVIVA had this knowledge by virtue of its agent's involvement in the
19  marketing of the scheme.  AVIVA also had this knowledge through its agreement to
20  further that scheme by providing undisclosed kickbacks as part a plan to bilk
21  investors and generate profits for AVIVA, as well to recover the debt apparently
22  owed AVIVA by defendant LOOMIS.

23      69.    Notwithstanding that knowledge, and in furtherance of the scheme,
24  AVIVA substantially assisted the remaining Defendants in perpretrating the scheme
25  on class members.

26  ///
27  ///
28  ///

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA  92101
Telephone:  (619) 234-1000
Facsimile: (619) 234-1011

- 17 -

First Amended Complaint　　　　　　　　　　　　　　　　　　　　　　　　2:09-CV-01454-FCD-DAD

70.     As a direct, proximate and legal result of the acts and omissions of AVIVA, as alleged herein, Plaintiff and the class significant damages in an amount to be proven at trial.

71.     The above-described conduct by DEFENDANTS constitutes malice, oppression and/or fraud, as those terms are defined by Civil Code §3294, thereby entitling Plaintiffs to an award of punitive damages against them, and entitling Plaintiffs to treble damages under Civil Code §3345.

## PRAYER

WHEREFORE, PLAINTIFF, on behalf of himself and all others similarly situated, pray for judgment as follows:

On First Cause of Action

1.     For an order certifying the class under the provisions of Code of Civil Procedure §382, and appointing Plaintiff and his counsel to represent the class;

2.     Compensatory damage according to proof;

On Second Cause of Action

3.     For an order certifying the class under the provisions of Code of Civil Procedure §382, and appointing Plaintiff and his counsel to represent the class;

4.     Compensatory damage according to proof;

On Third Cause of Action

5.     For an order certifying the class under the provisions of Code of Civil Procedure §382, and appointing Plaintiff and his counsel to represent the class;

6.     For an order rescinding the purchase of Defendants' products and services by class members;

7.     For an order restoring to Plaintiff and all class members all of the monies paid to Defendants;

///

///

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 18 -

First Amended Complaint                                         2:09-CV-01454-FCD-DAD

On Fourth Cause of Action

8. For an order certifying the class under the provisions of Code of Civil Procedure §382, and appointing Plaintiff and his counsel to represent the class;

9. For preliminary and permanent injunctive relief prohibiting Defendants from engaging in further acts of unfair competition;

10. For restitution of all money received by or on behalf of Defendants;

11. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks to recover attorneys' fees under (I) §1021.5 of the Code of Civil Procedure, and/or (ii) under the "common fund" doctrine available to a prevailing plaintiff who wins restitutionary relief for the general public;

12. Restitution according to proof;

On Fifth Cause of Action

13. For an order certifying the class under the provisions of Code of Civil Procedure §382, and appointing Plaintiff and his counsel to represent the class;

14. For preliminary and permanent injunctive relief prohibiting Defendants from engaging in the acts complained of;

15. For attorneys' fees under Civil Code §1780(d);

On Sixth Cause of Action Against Defendant Aviva

16. For an order certifying the class under the provisions of Code of Civil Procedure §382, and appointing Plaintiff and his counsel to represent the class;

17. Compensatory damage according to proof;

///
///
///
///
///
///

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA 92101
Telephone: (619) 234-1000
Facsimile: (619) 234-1011

- 19 -

First Amended Complaint   2:09-CV-01454-FCD-DAD

<u>On All Causes of Action</u>

18. For costs of suit herein;

19. For reasonable attorneys' fees and costs; and

20. For such other relief as the Court may deem or determine just and appropriate.

DATED:  August 28, 2009                    ATTORNEYS AGAINST ABUSE OF ELDERS

MAJORS & FOX LLP

By: _____
     Lawrence J. Salisbury

Attorneys for Plaintiff Ernest P. Sanchez, individually and on behalf of all others similarly situated

MAJORS & FOX LLP
Pacific Western Bank Bldg.
401 West "A" St., Ste. 2350
San Diego, CA  92101
Telephone:  (619) 234-1000
Facsimile: (619) 234-1011

- 20 -

First Amended Complaint                    2:09-CV-01454-FCD-DAD