STEVEN H. FRANKEL (State Bar No. 171919)
MICHAEL BARNES (State Bar No. 121314)
BONNIE LAU (State Bar No. 246188)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 882-5000
Facsimile:  (415) 882-0300
Email:  sfrankel@sonnenschein.com
        mbarnes@sonnenschein.com
        blau@sonnenschein.com

Attorneys for Defendant
AVIVA LIFE AND ANNUITY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ERNEST P. SANCHEZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>AVIVA LIFE AND ANNUITY COMPANY, a foreign entity of unknown origin; LOOMIS WEALTH SOLUTIONS, INC., an Illinois corporation; LAWRENCE LELAND LOOMIS, an individual; NARAS SECURED FUND #2, LLC, a Delaware limited liability company; LISMAR FINANCIAL SERVICES LLC, a Delaware limited liability company; NATIONWIDE LENDING GROUP, an entity of unknown origin; and DOES 1 through 1000, inclusive,<br><br>Defendants. | Case No. 2:09-cv-1454-FCD-DAD<br><br>STIPULATED PROTECTIVE ORDER |

WHEREAS, during the course of discovery in the above-captioned litigation (the "Action"), plaintiff Ernest P. Sanchez and defendant Aviva Life and Annuity Company ("Aviva") may produce documents or information of a personal and/or proprietary nature, which either party in good faith believes contains or constitutes confidential information that concerns or relates to insurance transactions or policyholders of Aviva subject to the California Insurance Information and Privacy Protection Act, Insurance Code §§ 791 *et seq.*; or confidential or trade secret information not available in the public domain relating to Aviva's underwriting, marketing and sale of life insurance policies; or other trade secret information, proprietary information and/or other confidential research, development or commercial information, as those terms are used in Federal Rule of Civil Procedure 26(c)(1) (hereinafter "Confidential Material").

WHEREAS, the parties desire to protect the confidential nature of all Confidential Material or information derived therefrom (also hereinafter included in the term "Confidential Material") and resist unfettered production to the general public;

WHEREAS, the parties have agreed or may agree in the future to furnish certain documents constituting or containing Confidential Material subject to this Stipulated Protective Order without waiving any legal right or privilege relating to the confidentiality of such Confidential Material; and

In accordance with the stipulation of the parties and for the purpose of preserving the confidentiality of documents and information that constitute or relate to personal, private or confidential business information;

IT IS HEREBY AGREED AND ORDERED that a Stipulated Protective Order shall be entered in this Action that shall apply to the Confidential Material, whether contained or referenced in documents, deposition testimony, answers to interrogatories or document requests, written responses, responses to requests for admission, affidavits, or declarations; in copies, extracts, and summaries (complete or partial) prepared from such documents, or in copies of any of the foregoing:

1. As used herein, the words "document" or "documents" shall mean any writing or record of any type or description, including without limitation any written, recorded, electronic, facsimile or graphic matter, however stored, produced or reproduced, and whether in original, copy or draft format.

2. Any party, through its counsel, may designate any document specified in this Stipulated Protective Order, or portion thereof, as Confidential Material by marking each page so designated, at the time when it is first produced, served, or otherwise disclosed, with the legend "CONFIDENTIAL."

3. Any party may subsequently de-classify materials that the party previously designated as "CONFIDENTIAL."

4. Any deposition testimony in this litigation regarding documents or other material designated as Confidential Material by any party, or by any deponent not employed by any party, may be designated as Confidential Material before or at the time of the deposition by the party's counsel or by the deponent. Such a designation of deposition testimony shall be made by letter or orally to all counsel.

5. If the other party objects to designation of any material as "CONFIDENTIAL," the party requesting confidentiality shall have the burden of moving for the appropriate protective order. The non-moving party shall maintain the confidentiality of the material for sixty days after the deposition, and if a motion is filed within that period, until the Court rules on the motion. If no motion is filed and served within sixty days, then the material will not be deemed confidential.

6. Any document or other material designated by a party as Confidential Material shall not be used for any purpose except in connection with the prosecution or defense of this Action (including any appeal) and may be disclosed only to the following persons for the sole purpose of prosecution or defense of this Action;

(a) the parties to this Action who agree to the terms of this Stipulated Protective Order;

(b) counsel of record for the parties to this Action and employees of such counsel who are assisting counsel in the preparation of this Action for trial;

  (c) employees of copying or other services engaged to reproduce, scan, or store Confidential Material in this Action;

  (d) independent experts or consultants retained by counsel of record to assist in the preparation of this Action for trial, but only to the extent such persons need such Confidential Material for that preparation;

  (e) any person from whom testimony is taken or is to be taken in this Action, except that such person may only be shown Confidential Material to the extent necessary for preparation of that person's testimony;

  (f) judicial officials, jurors, and Court personnel (including stenographic reporters employed by the Court);

  (g) stenographic reporters not employed by the Court who are reporting deposition testimony in this Action, and their employees and agents who are assisting them for that purpose; and

  (h) any other person under such terms as may be agreed upon by the parties in writing or as the Court may hereafter order.

  7. Confidential Material may be disclosed to and discussed with any person identified in paragraph 6(c), (d), (e) or (g) only if, prior to any disclosure or discussion of Confidential Material, the party or the party's counsel shall inform each such person of the existence of this Stipulated Protective Order and instruct that such person respect its provisions.

  8. As a prerequisite to disclosing Confidential Materials to any person identified in paragraph 6(c), (d), (e) or (g), the person to whom the Confidential Materials are to be disclosed must first execute a document in which they agree to be bound by the terms of the Stipulated Protective Order, a copy of which is attached hereto as Exhibit A. All executed documents will be retained by counsel for the respective parties so as to not disclose the identities of consultants or experts.

  9. Confidential Material shall be filed under seal in accordance with Eastern District Local Rule 141. Before submitting any Confidential Material to the Court or using any Confidential Material in connection with any filing or proceeding, the party seeking to submit or

use the Confidential Material (the "Submitting Party") must first provide the other party with 3 court days notice. The parties must then meet and confer to ensure that any use of Confidential Material is narrowly tailored to the issues presented in the filing or proceeding and to evaluate options for redacting Confidential Material and minimizing the use of Confidential Materials. In addition, the parties will cooperate in preparing and filing documents demonstrating a particularized showing of good cause, or, if the information sought to be protected is to be used in potentially dispositive matters, a showing of compelling reasons. The parties will not oppose any request to seal pertaining to Confidential Material. While a request to seal is pending, the parties will not submit or disclose any Confidential Material; instead, the Submitting Party will electronically file a redacted version of its submission pending the outcome of the motion to seal, but will serve on the other side both redacted and non-redacted versions of the submission. If the motion to seal is denied, the Submitting Party will then electronically file a non-redacted version of the earlier submission. If the motion to seal is granted, the Submitting Party will then file under seal in paper format the non-redacted version of the submission that contains the Confidential Material. The later submission (the electronic filing of the non-redacted version or the paper filing of the non-redacted version) will be deemed filed as of the date of the original electronic filing of the redacted version of the submission. The manner in which confidential documents or information may be handled and disclosed in the course of the trial hereof shall be determined by the Court at the pre-trial conference.

    10. Notwithstanding the foregoing, this Stipulated Protective Order does not restrict the right of the producing party to make such use or disclosure of its own documents or material that have been designated as Confidential Material as it is otherwise entitled to make. In addition, the producing party does not waive the classification of its own material or information as Confidential Material if it discloses such information to non-parties not in connection with this litigation for any reason.

    11. Counsel receiving Confidential Material shall not make more copies of such Confidential Material than counsel deems reasonably necessary for the prosecution or defense of

-4-

1   this Action. All copies of Confidential Material shall be kept and stored in a manner which
2   counsel deems reasonably calculated to preserve confidentiality.

3        12.   If Confidential Material is inadvertently disclosed or produced without designation
4   as "CONFIDENTIAL," the producing party's inadvertent production of such material shall not
5   be deemed a waiver of, or estoppel as to, any claim of confidentiality under this Stipulated
6   Protective Order to which the producing party would otherwise be entitled, provided the
7   producing party notifies the other party of such inadvertent disclosure within thirty (30) days
8   after discovery of the inadvertent production. The other party shall agree to treat the disclosed
9   information as "CONFIDENTIAL" and shall also promptly take all reasonable measures to
10  ensure that no further unauthorized disclosure or use of such Confidential Material, or
11  information contained therein, is made.

12       13.   If documents or information subject to a claim of attorney-client privilege or the
13  attorney work product doctrine are inadvertently or mistakenly produced, such production shall
14  in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege
15  for such information. If a producing party has inadvertently or mistakenly produced information
16  subject to a claim of privilege, upon written request made by the producing party within twenty-
17  one (21) days of discovery of such inadvertent or mistaken production, the information for
18  which a claim of inadvertent production is made, including all copies and any document(s),
19  material(s) or information reflecting the contents of the inadvertently produced information,
20  shall be returned within seven (7) business days of such request. If the privileged information
21  had been previously disclosed the receiving party, then that party shall take reasonable steps to
22  retrieve the information. If a receiving party objects to the return of such information within the
23  seven (7) business day period described above, the producing party may move the Court for an
24  order compelling the return of such information. Pending the ruling, a receiving party may
25  retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not
26  make any use of such information.

27       14.   Upon termination of this Action (including any appeals, any satisfaction of
28  judgment, or any settlement of the Action), Plaintiff's counsel shall retain one copy of any such

-5-

Case No. 2:09-cv-1454 FCD DAD                                    STIPULATED PROTECTIVE ORDER

1  Confidential Material for one year from the conclusion of the Action. After one year has
2  elapsed, Plaintiff will destroy the Confidential Information. Parties agree that it is sufficient for
3  their respective counsel to submit a signed declaration under penalty of perjury to each other that
4  the Confidential Information produced by the other party has been destroyed. All other copies
5  of Confidential Material, including all copies in the possession of experts and consultants, shall
6  be returned by the counsel receiving such Confidential Material to the counsel or the party who
7  produced or provided it. Counsel for the parties may retain any legal memoranda or opinion
8  letters that contain references to or information extracted from Confidential Material; however,
9  the confidentiality of any such memoranda or letters is to be protected in accordance with the
10 terms of this Stipulated Protective Order.

11  15. The provisions of this Stipulated Protective Order, insofar as they relate to the
12 communication and use of Confidential Material, shall continue in effect after the conclusion of
13 this Action and until further order of the Court or agreement by the parties in writing.

14  16. If any dispute arises about whether a document constitutes Confidential Material,
15 the parties will try to resolve the dispute informally. If informal resolution is not possible, the
16 party asserting confidentiality of the document will bring a motion to have the document
17 designated as Confidential Material with notice to all parties and upon a showing of good cause.

18  17. This Stipulated Protective Order may be modified by written agreement of the
19 parties and approval by the Court.

20  18. By entering into this Stipulated Protective Order, no party waives any right it may
21 have to object to any discovery on the grounds of privacy, confidentiality, or privilege, or to
22 withhold information or documents from discovery on such (or any other appropriate) grounds.
23 By entering into this Stipulation, the parties are not conceding that material marked Confidential
24 is subject to any privilege. The terms of this Stipulated Protective Order do not supersede the
25 rules of evidence or govern the admissibility of any material deemed Confidential.

1  IT IS SO STIPULATED.

2  Dated: August      , 2010                ATTORNEYS AGAINST ABUSE OF ELDERS
                                            MAJORS & FOX LLP
3

4
                                            By:  /s/
5                                              LAWRENCE J. SALISBURY

6                                           Attorneys for Plaintiff
                                            ERNEST P. SANCHEZ
7

8  Dated: August      , 2010                SONNENSCHEIN NATH & ROSENTHAL LLP

9

10                                          By:  /s/
                                               STEVEN H. FRANKEL
11                                             MICHAEL BARNES

12                                          Attorneys for Defendant
                                            AVIVA LIFE AND ANNUITY COMPANY
13

14

15  IT IS SO ORDERED.

16  DATED: September 2, 2010

17

18                                          _____
                                            DALE A. DROZD
19                                          UNITED STATES MAGISTRATE JUDGE

20

21  /Ddad1/orders.civil/sanchez1454.stip.protord.DOC

22

23

24

25

26

27

28

## EXHIBIT A

I hereby acknowledge that I have received and read a copy of the Confidentiality Agreement and Stipulated Protective Order in the action entitled *Sanchez v. Aviva Life and Annuity Company, et al.,* United States District Court, Eastern District of California, Case No. 2:09-cv-1454. I agree to be bound by the provisions of the Confidentiality Agreement and Stipulated Protective Order with respect to any "Confidential Material" disclosed to me, and I specifically agree that I will not communicate, reveal, or use any "Confidential Material" except in accordance with the terms of the Confidentiality Agreement and Stipulated Protective Order. I further agree to return any Confidential Material provided to me and all copies thereof to the party or counsel who provided such Confidential Material to me.

I hereby submit to the jurisdiction and venue of the United States District Court for the Eastern District of California, for all purposes relating to the enforcement of the provisions of the Confidentiality Agreement and Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2010, at _____.

                                                  (city, state)

_____
Signature

_____
Name