1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ERNEST P. SANCHEZ, individually,

11              Plaintiff,                    No. CIV S-09-1454 KJM DAD
                 vs.
12
    AVIVA LIFE AND ANNUITY
13  COMPANY, a foreign entity of unknown
    origin, et al.,
14
                Defendants.                   ORDER
15  _____/

16              Plaintiff has filed a motion for an order shortening time to hear his simultaneously

17  filed motion to extend the discovery cut-off in this case.  The court determined that the matter

18  could be submitted without oral argument.

19  I.  Background

20              The initial class-action complaint in this case, first filed in Sacramento County

21  Superior Court, contained claims for breach of fiduciary duty, negligence, rescission for mistake

22  or fraud and violations of the Unfair Competition Law, California Business & Professions Code

23  §§ 17200 *et seq*., and the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq*.

24  The named defendants are Aviva Life and Annuity Company (Aviva), Loomis Wealth Solutions,

25  Inc., Lawrence Loomis, Naras Secured Fund #2, Lismar Financial Services, Nationwide Lending

26  Group, and Does 1 through 1000.  ECF No. 1.  Aviva removed the case to this court on May 27,

1    2009, under the Class Action Fairness Act, 28 U.S.C. § 1332.  Aviva promptly filed a motion to

2    dismiss and plaintiff filed a motion to remand.  ECF Nos. 12, 16.  While the motion to dismiss

3    was pending, plaintiff filed a first amended complaint and Aviva filed a motion to dismiss it.

4    ECF Nos. 53, 61.  The court granted Aviva's motion but gave plaintiff leave to file a second

5    amended complaint.  ECF No. 71.  Sanchez filed the second amended complaint on April 2,

6    2010, and Aviva filed another motion to dismiss, which was granted in part and denied in part.

7    ECF Nos. 84, 87, 93.  Aviva filed its answer on July 21, 2010.[1]  ECF 95.

8            In their joint status report filed July 29, 2010, the parties agreed to make initial

9    disclosures under Federal Rule of Civil Procedure 26(a)(1) on August 16, 2010.  Plaintiff

10   suggested he might need additional interrogatories and more deposition hours than the minimum

11   provided for in the rules, and contemplated seeking an order permitting additional discovery.

12   ECF No. 96 at 4.[2]  The parties could not agree on a calendar for the litigation.  Aviva proposed

13   May 27, 2011 as the cut-off for non-expert discovery while plaintiff proposed December 14,

14   2010.  *Id.* at 5.

15           The court issued its pretrial scheduling order on July 30, 2010; it set March 1,

16   2011 as the last day for non-expert discovery.  ECF 97 at 2.

17           On March 2, 2011, plaintiff filed an ex parte application to shorten time to hear a

18   motion to extend the discovery cut-off and on the same day filed the motion to extend.  Counsel

19   avers that he could not undertake discovery until mid-August 2010, after the exchange of initial

20   disclosures, but that after reviewing the information provided, he propounded written discovery

21   on September 7 and 8, 2010.  Declaration of Lawrence Salisbury (Salisbury Decl.) ¶¶ 4-5.

22   Defendant responded in November with some information, but made numerous objections as

23   well.  *Id.* ¶ 5.  Thereafter, counsel for both parties met and conferred at least five times from

24   ──────────────

25           [1]  The other defendants have not appeared in this action.

26           [2]  Page references are to those assigned by the court's ECF system, unless otherwise
     noted.

2

November 23, 2010 through February 10, 2011.  *Id.* ¶ 6.  By February 14, the parties resolved

several of their differences and formalized the scope of their disagreement by February 16, 2011.

*Id.* ¶ 7.   Salisbury opines that, given the breadth and complexity of the document requests, it was

prudent to wait until any issues regarding those requests were resolved before scheduling

depositions.  He has not yet deposed anyone from Aviva, although he has asked counsel for

potential dates.  *Id.* ¶ 8.

Aviva's counsel counters that the parties' Rule 26(f) scheduling conference was

conducted in July 2010, initial disclosures were exchanged on August 18, 2010, and that in

connection with the disclosures, Aviva produced thousands of pages of documents.  Declaration

of Bonnie Lau (Lau Decl.) ¶¶ 2-3.  In response to plaintiff's requests on September 7 and 8,

2010, Aviva provided substantive responses and agreed to produce documents relating to the

relationship (if any) between Aviva and the other defendants, financial arrangements between

Aviva and the other defendants, Loomis's seminars, and Aviva's policies regarding the sale of its

insurance policies.  *Id.* ¶ 6.  Aviva also objected to a number of the requests for admissions,

interrogatories and requests for documents, including requests for documents about "'all third

parties in any way related to the allegations alleged in the complaint.'"  *Id.* ¶ 9.  Plaintiff's

counsel did not provide a list of names of "third parties" until December 2010; even then, the list

contained 150 names, some of which were not identified adequately enough to allow Aviva's

conduct of a well-informed search for responsive material.  *Id.* ¶¶ 9-10 & Exs. A & B.  Aviva

provided supplemental responses to this request on February 16, 2011.  *Id.* ¶ 11.  Plaintiff's

counsel did not ask about taking Aviva's deposition until January 20, 2011, and despite Aviva's

counsel's prompt reply, asking for a 30(b)(6)[3] deposition notice, plaintiff's counsel has never

provided a list of proposed deposition topics.  *Id.* ¶¶ 13-15 & Ex. C.  Plaintiff did not ask for a

---

[3] Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that when a party seeks
to depose a corporation, it "must describe with reasonable particularity the matters for
examination.  The named organization must then designate one or more officers . . . or designate
other persons who consent to testify on its behalf . . . ."

3

1   stipulation to extend the discovery cut-off until the afternoon of February 28, 2011, one day

2   before the March 1 cutoff.  *Id*. ¶ 17.

3   II.  Analysis

4           Under Rule 16(b) of the Federal Rules of Civil Procedure, a pretrial scheduling

5   order shall not be modified except upon a showing of good cause.  In *Johnson v. Mammoth*

6   *Recreations, Inc*., 975 F.2d 604 (9th Cir. 1992), the Ninth Circuit described Rule 16(b)'s good

7   cause standard as focusing on "the diligence of the party seeking the amendment."  It recognized

8   that while "the existence or degree of prejudice to the party opposing the modification might

9   supply additional reasons to deny a motion, the focus is upon the moving party's reasons . . . .  If

10  that party was not diligent, the inquiry should end." *Id*. at 609; *see also Ultimax Cement*

11  *Manufacturing Corporation v. CTS Cement Manufacturing*, 587 F.3d 1339, 1354 (9th Cir. 2010)

12  ("'good cause' has been defeated by undue delay in moving to amend. . . .").

13          Plaintiff has not shown good cause under this standard.  He waited until the day

14  before the discovery cutoff to ask for a stipulation to extend the deadline and did not file his

15  motion for an extension until after the period had expired, even though he realized at the time the

16  joint status report was filed that he might need to pursue discovery outside of the schedule and

17  limitations of the federal rules.  Moreover, although plaintiff's counsel says generally that it was

18  not prudent to schedule depositions until he had reviewed the written discovery, he does not

19  explain why his review of the materials provided was insufficient to allow him to move forward

20  with depositions.  *See Photomedex, Inc. v. Irwin*, 2007 WL 2238359, at *2 (S.D. Cal. 2007)

21  (strategic decisions do not always demonstrate diligence or good cause).  Finally, when plaintiff

22  did ask Aviva's counsel about scheduling depositions, he did not provide the information

23  necessary to identify the appropriate persons to respond to a corporate deposition notice, despite

24  Aviva's counsel's inquiry.

25  /////

26  /////

4

III. <u>Miscellaneous</u>

In light of the reassignment of this case to this court, the dates currently set for pretrial conference and trial must be reset.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to shorten time (ECF No. 114) is granted.

2. Plaintiff's motion to extend the discovery cut-off (ECF No. 117) is denied.

3. The final pretrial conference is reset from September 16 to September 14, 2011 at 11:00 a.m. in Courtroom Three.

4. The trial date is reset from November 29, 2011 to November 28, 2011 at 9:00 a.m.

DATED:  May 3, 2011.

_____
UNITED STATES DISTRICT JUDGE

2

sanc1454.mte